Case No. 5:20-cv-00040-JLS-SHK                           Date: January 14, 2020
Title: Norma Alvarado v. Lowes Home Centers, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On March 1, 2019, Plaintiff Norma Alvarado filed the instant action in San Bernardino County Superior Court.  (*See* Compl., Ex. A to Notice of Removal, Doc. 1-1.) Defendant Lowe's Home Centers, LLC was served with a copy of the Summons and the Complaint on December 9, 2019.  (Notice of Removal ¶ 4, Doc. 1.)  On January 7, 2020, Lowe's removed the case to this Court on the basis of diversity jurisdiction, asserting that the parties are diverse and that the allegations in the Complaint place the amount in controversy in excess of $75,000.  (*Id.* ¶ 4.) Lowe's assertion that the Court may exercise diversity jurisdiction over this dispute is predicated on its argument that the other named Defendant, Michael Cox, is a fraudulently joined "sham defendant," whose California citizenship should be disregarded.  (*See id.*  ¶¶ 11-16.)

"In the Ninth Circuit, a non-diverse defendant is deemed a [fraudulently joined] sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).  Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted)

(emphasis added), and "the failure is obvious according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, may a district court retain jurisdiction. "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon v. Allstate Indemnity Co.*, No. 11-cv-05538-GAF (PJWx), 2011 WL 3439272, at *2 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

In light of this standard, Lowe's is ORDERED to show cause, in writing, no later than **fourteen (14) days** from the date of this Order, why this action should not be remanded for want of federal jurisdiction. Plaintiff may file an optional response within **seven (7) days** thereafter. Each of these filings shall not exceed **fifteen (15) pages** and there shall be no further briefing. Following the Court's receipt of the parties' papers, the matter will be deemed under submission.

Initials of preparer: tg